Slip Op. 12- 16

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **ASHLEY FURNITURE INDUSTRIES, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES and UNITED STATES INTERNATIONAL TRADE COMMISSION,**<br><br>Defendants,<br><br>and<br><br>**AMERICAN FURNITURE MANUFACTURERS COMMITTEE FOR LEGAL TRADE, KINCAID FURNITURE CO., INC., L. & J.G. STICKLEY, INC., SANDBERG FURNITURE MANUFACTURING COMPANY, INC., STANLEY FURNITURE COMPANY, INC., T. COPELAND AND SONS, INC., and VAUGHAN-BASSETT FURNITURE COMPANY, INC.,**<br><br>Defendant-Intervenors. | **Before:  Gregory W. Carman, Judge**<br>          **Timothy C. Stanceu, Judge**<br>          **Leo M. Gordon, Judge**<br><br>**Consol. Court No. 07-00323** |

## <u>OPINION AND ORDER</u>

[Denying a motion to shorten the time period for defendants' and defendant-intervenors' responses to plaintiff's motion for an injunction pending appeal]

Dated: February 7, 2012

*Kristen H. Mowry*, *Jeffrey S. Grimson*, *Jill A. Cramer*, *Susan E. Lehman*, and *Sarah Wyss*, Mowry & Grimson, PLLC, of Washington, DC and *Kevin Russell*, Goldstein, Howe & Russell, P.C., of Bethesda, MD, for plaintiff.

*Jessica R. Toplin*, *David S. Silverbrand*, and *Courtney S. McNamara*, Trial Attorneys, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant United States.  With them on the briefs were *Tony West*, Assistant Attorney

General, *Jeanne E. Davidson*, Director, and *Franklin E. White, Jr.*, Assistant Director.  Of counsel on the briefs were *Andrew G. Jones* and *Joseph Barbato*, Office of Assistant Chief Counsel, U.S. Customs and Border Protection, of New York, NY.

    *Patrick V. Gallagher, Jr.*, Attorney Advisor, Office of the General Counsel, U.S. International Trade Commission, of Washington, DC, for defendant U.S. International Trade Commission.  With him on the briefs were *James M. Lyons*, General Counsel, and *Neal J. Reynolds*, Assistant General Counsel.

    *Jeffrey M. Telep*, *Joseph W. Dorn*, *Taryn Koball Williams*, and *Steven R. Keener*, King & Spalding LLP, of Washington, DC, for defendant-intervenors the American Furniture Manufacturers Committee for Legal Trade, Kincaid Furniture Co., Inc., L. & J.G. Stickley, Inc., Sandberg Furniture Manufacturing Company, Inc., Stanley Furniture Co., Inc., T. Copeland and Sons, Inc., and Vaughan-Bassett Furniture Company, Inc.

    Stanceu, Judge: Plaintiff Ashley Furniture Industries, Inc. ("Ashley") seeks, pursuant to USCIT Rule 62(c), an injunction pending its appeal of the judgment dismissing this action.  Pl.'s Mot. for Inj. Pending Appeal & for Expedited Consideration (Feb. 2, 2012), ECF No. 103; *see Ashley Furniture Industries, Inc. v. United States*, 36 CIT __, Slip Op. 12-14 (Jan. 31, 2012) ("*Ashley*") (dismissing certain claims for lack of standing and remaining claims for failure to state a claim on which relief can be granted).  Before the court is plaintiff's motion to limit to five days the normal fourteen-day time period during which defendants and defendant-intervenors may respond to the Rule 62(c) motion.  Mot. to Shorten the Time Period to Resp. to Pl.'s Mot. for Inj. Pending Appeal & for Expedited Consideration (Feb. 2, 2012), ECF No. 104 ("Pl.'s Mot.").  Defendant United States and defendant-intervenors oppose any shortening of the response period.  Defs. United States & U.S. Customs & Border Protection's Resp. in Opp'n to Pl.'s Mot. for Expedited Consideration of its Mot. for Inj. Pending Appeal (Feb. 3, 2012), ECF No. 106; Def.-Intervenors' Opp'n to Pl.'s Mot. to Shorten the Time Period to Resp. to Pl.'s Mot. for Inj. Pending Appeal & for Expedited Consideration (Feb. 3, 2012), ECF No. 105.  As discussed below, the court will deny the motion, thereby allowing defendants and defendant-

intervenors the normal time period to respond to Ashley's Rule 62(c) motion.  *See* USCIT

Rule 7(d) ("Unless otherwise prescribed by these rules, or by order of the court, a response to a

motion must be served within 14 days after service of such motion . . . .").

        In *Ashley*, we upheld administrative determinations of U.S. Customs and Border

Protection ("Customs") and the U.S. International Trade Commission denying Ashley

distributions pursuant to the Continued Dumping and Subsidy Offset Act of 2000 (the "CDSOA"

or "Byrd Amendment"), Pub. L. No. 106-387, §§ 1001-03, 114 Stat. 1549, 1549A-72-75,

19 U.S.C. § 1675c (2000), *repealed by* Deficit Reduction Act of 2005, Pub. L. 109-171,

§ 7601(a), 120 Stat. 4, 154 (Feb. 8, 2006; effective Oct. 1, 2007).  *Ashley*, 36 CIT at __, Slip Op.

12-14 at 29 (Jan. 31, 2012).  Ashley's Rule 62(c) motion seeks to enjoin the government from

distributing to other domestic furniture producers Ashley's potential share of funds now being

withheld by Customs, until such time as Ashley's appeal is finally adjudicated.  Pl.'s Mot. 2.  In

support of its argument that the response time should be shortened, Ashley submits an affidavit

from its counsel, Mr. Jeffrey S. Grimson, stating that Customs intends to distribute on March 9,

2012 the CDSOA funds withheld for Ashley.  Affidavit of Grimson ¶ 3 (Feb. 2, 2012), ECF

No. 104.  Mr. Grimson states that, should this Court deny the Rule 62(c) motion, Ashley will

seek a similar injunction from the U.S. Court of Appeals for the Federal Circuit ("Court of

Appeals") but, under Rule 8 of the Federal Rules of Appellate Procedure, will be unable to do so

until this Court has ruled.  *Id.* ¶ 4.  According to Mr. Grimson, "expedited briefing is warranted"

so that the Court of Appeals has sufficient opportunity to consider a future injunction motion

prior to the March 9, 2012 distribution date.  *Id.* ¶ 5.

**Consol. Court No. 07-00323**                                          **Page 4**

The court determines that the ordinary motion procedures should govern in this instance rather than an abbreviation of the time for defendants and defendant-intervenors to respond to the Rule 62(c) motion.  *See* USCIT Rule 7(e) ("No order to show cause to bring on a motion may be granted except on a clear and specific showing by affidavit of good and specific reasons why procedure other than regular motion is necessary or why the time to respond should be shortened.").  We do not discern a need for the expedited briefing identified in Mr. Grimson's affidavit.  The court intends to rule expeditiously on plaintiff's Rule 62(c) motion.  Should we deny that motion, the Court of Appeals still would have an adequate opportunity to consider whether to award injunctive relief and to put such relief in place prior to March 9, 2012.

Upon consideration of plaintiff's motion and other papers and proceedings herein, and upon due deliberation, it is hereby

**ORDERED** that plaintiff's Motion to Shorten the Time Period to Respond to Plaintiff's Motion for Injunction Pending Appeal and for Expedited Consideration (Feb. 2, 2012), ECF No. 104, be, and hereby is, DENIED.

                                                   /s/ Timothy C. Stanceu
                                                   Timothy C. Stanceu
                                                   Judge

Dated: February 7, 2012
        New York, New York